IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

KATHLEEN F. JACOBS,

      Appellant,

v.

CLARKWESTERN BUILDING
SYSTEMS, AND TRAVELERS
INSURANCE CO.,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2730

Opinion filed January 30, 2015.

An appeal from an order of the Judge of Compensation Claims.
Stephen L. Rosen, Judge.

Date of Accident: August 14, 2006.

Bradley Guy Smith of Smith, Feddeler, Smith, P.A., Lakeland, Susan W. Fox of Fox & Loquasto, P.A., Orlando, and Richard W. Ervin of Fox & Loquasto, P.A., Tallahassee, for Appellant.

David K. Beach and Nicolette E. Tsambis of Rissman, Barrett, Hurt, Donahue & McLain, P.A., Tampa, for Appellees.


PER CURIAM.

In this workers' compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) that denied her claims for permanent total disability benefits, pain management, and penalties, interest, costs, and attorney's fees (PICA). On appeal, Claimant challenges the denial of pain management and PICA, and for the following reasons, we agree with Claimant and reverse that ruling (save penalties and interest, which are not due on medical benefits, see section 440.20(6), (8), Florida Statutes).

As background, Claimant suffered a compensable injury to her low back on August 14, 2006. Several MRIs in the ensuing years revealed objective MRI findings of an L4-5 lumbar disk protrusion. When the authorized treating pain management physicians opined in 2012 that Claimant was at maximum medical improvement and the treatment was "not helping," the Employer/Carrier denied all benefits on the theory the compensable injury is no longer the major contributing cause (MCC) of Claimant's need for treatment. In the ensuing litigation, an expert medical advisor (EMA) noted that the newest MRI showed a bulge at L5-S1 rather than L4-5, but nonetheless opined that the work accident remains the MCC of Claimant's back condition and that Claimant has a six percent permanent impairment rating because of the disk bulge "even though it's a different level." As to Claimant's need for palliative care, the EMA deferred to pain management physicians, and the authorized pain management physicians opined Claimant in fact needs palliative

care. The JCC apparently concluded that the EMA opined the work accident was no longer the MCC of Claimant's complaints because the L4-5 disc was, as the JCC put it, "no longer involved in the claimant's current complaints of pain." Claimant moved for rehearing to inform the JCC that the record did not support his reading of the EMA's MCC opinion, and the JCC denied rehearing without comment.

The JCC applied the law correctly here, but erred as a matter of fact: the EMA did not opine that the L4-5 disc bulge had resolved and that the L5-S1 bulge was new and not related to work. To the contrary, the EMA expressly opined that the work injury, for which a permanent impairment rating was assigned, is the MCC of Claimant's need for ongoing care. An EMA's opinion is presumed correct, see section 440.13(9), Florida Statutes ("The opinion of the expert medical advisor is presumed to be correct unless there is clear and convincing evidence to the contrary as determined by the judge of compensation claims."), and the JCC did not find clear and convincing evidence to reject that opinion – but because the JCC misunderstood the content of that opinion, we remand for the JCC to review the record to determine whether clear and convincing evidence exists to reject the EMA's actual opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.

PADOVANO, CLARK, and MARSTILLER, JJ., CONCUR.

3